# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Stephen Joshua Zarate,

    Petitioner

v.

Clark County Detention Center,

    Respondent

Case No.: 2:22-cv-01771-JAD-VCF

**Order Dismissing Habeas Petitions without Prejudice and Closing Case**

[ECF Nos. 1, 1-1, 1-2]

    Pro se petitioner Stephen Joshua Zarate filed two petitions for writ of habeas corpus, one under 28 U.S.C. § 2254[1] and one under 28 U.S.C. § 2241,[2] seeking emergency federal review related to his ongoing state criminal case and pretrial detention. Zarate applies to proceed *in forma pauperis*,[3] and with good cause appearing I grant his application. But on initial review under the Habeas Rules,[4] I find that Zarate's § 2254 petition was filed under the wrong statutory section, that the claims in his § 2241 petition are unexhausted, and that federal abstention is required. So I dismiss his petitions without prejudice.[5]

---

[1] ECF No. 1-1.

[2] ECF No. 1-2.

[3] ECF No. 1.

[4] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[5] It appears that Zarate filed both a § 2254 petition and a § 2241 petition in this case because, in a previous case, 2:22-cv-01448-JAD-BNW, Zarate failed to file any type of habeas petition—only filing an incomplete application to proceed *in forma pauperis*—so I dismissed that action and instructed the Clerk of the Court to send Zarate both the § 2254 forms and the § 2241 forms, not knowing which type of action he was interested in pursuing. Although Zarate is unable to pursue a § 2254 petition and a § 2241 petition in the same action, I find that giving Zarate a chance to indicate which type of action he would like to pursue under the current action is futile for the reasons discussed in this order.

# Background[6]

On July 6, 2022, the State of Nevada filed an information charging Zarate with attempted coercion.[7] An arraignment hearing was scheduled and continued twice: once on July 11, 2022, and once on July 13, 2022. A competency evaluation was completed on or about August 17, 2022. A competency hearing was held on September 2, 2022, and Zarate was found not to be competent. An order of commitment under NRS § 178.425 was entered on September 7, 2022. According to the Clark County Detention Center's online in-custody status webpage, Zarate is currently "pending Lake's Crossing." His case, *State of Nevada v. Stephen Zarate*, case number C-22-366207-1, remains pending before the state district court.

In both of his petitions for federal habeas relief, Zarate first alleges that the victim's name, age, and gender varied in the arrest report, detective's report, and complaint.[8] Thus, according to Zarate, he is being held on an "illegal charge."[9] Second, Zarate alleges that the victim was a Clark County Detention Center inmate, not a 16-year-old female, as is alleged in the complaint.[10] Third, Zarate alleges that he is the victim of the crime, not the perpetrator, because the victim tried to sexually assault him, so Zarate acted in self-defense when he

---

[6] The procedural history in this section is derived from Zarate's allegations as well as his criminal matters in the Eighth Judicial District Court for Clark County. I take judicial notice of the online docket records of the state district court, which may be accessed by the public online at: https://www.clarkcountycourts.us.

[7] It appears, according to Zarate's justice court docket, *State of Nevada v. Stephen Joshua Zarate*, case number 22-CR-027376, that Zarate was originally charged with battery with intent to commit sexual assault upon a victim 16 years of age or old, battery by strangulation, and open/gross lewdness.

[8] ECF Nos. 1-1 at 3; 1-2 at 2, 6.

[9] ECF No. 1-1 at 3.

[10] ECF Nos. 1-1 at 4–5; 1-2 at 6.

strangled the victim.[11]  Notably, Zarate does not make any allegations concerning his competency proceedings.

### Discussion

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[12] or plagued by procedural defects.[13]

Here, Zarate's § 2254 petition is plagued by procedural defects.  Zarate is not in custody under a state-court judgment of conviction.  Rather, he is in pre-conviction custody.  So the only appropriate statutory section for him to pursue his claims under is 28 U.S.C. § 2241, not 28 U.S.C. § 2254.[14]

I now turn to Zarate's § 2241 petition.  Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted his available state remedies for all claims raised.[15]  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.[16]

---

[11] ECF Nos. 1-1 at 6; 1-2 at 6.

[12] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[13] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[14] *White v. Lambert*, 370 F.3d 1002, 1005–07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

[15] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[16] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

To properly exhaust state remedies on each claim, a habeas petitioner must "present the state courts with the same claim he urges upon the federal court."[17] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[18] A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based.[19] Zarate admits in his § 2241 petition that he has not sought relief from the highest state court,[20] as the exhaustion requirement mandates. This alone bars this court's consideration of his federal habeas petition.

But even if I assume that Zarate has exhausted his claims, his petition seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him.[21] The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state-court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury.[22] The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding."[23] Injuries are only

---

[17] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[18] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[19] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[20] ECF No. 1-2 at 6–7.

[21] *Cf. e.g.*, *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83–85 (9th Cir. 1980).

[22] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[23] *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

irreparable if the threat to a petitioner's federally protected rights cannot be eliminated through his defense of the criminal case.[24]

This case does not present extraordinary circumstances. Zarate challenges the prosecution and his charges. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Zarate's claims present a situation no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right to liberty—in a pending criminal prosecution. In addition, Zarate's pretrial motion practice or defenses at trial—if he is returned to competency—may ameliorate any threat to his federally protected rights. He thus faces no extraordinary or irreparable injuries, so federal abstention is required. Because the charges against Zarate are still pending, dismissal of this action without prejudice will not materially impact the analysis of any issue in a later-filed habeas proceeding or otherwise result in substantial prejudice.

## Conclusion

IT IS THEREFORE ORDERED that petitioner Stephen Zarate's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**.

IT IS FURTHER ORDERED that Zarate's petition for writ of habeas corpus under 28 U.S.C. § 2254 **[ECF No. 1-1] is DISMISSED without prejudice**.

IT IS FURTHER ORDERED that Zarate's petition for writ of habeas corpus under 28 U.S.C. § 2241 **[ECF No. 1-2] is DISMISSED without prejudice**.

---

[24] *Younger*, 401 U.S. at 46.

5

And because jurists of reason would not find dismissal of the petitions to be debatable or wrong, IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that the Clerk of the Court is instructed to:

- **FILE** the petitions for a writ of habeas corpus [ECF Nos. 1-1, 1-2].

- **DIRECT INFORMAL ELECTRONIC SERVICE** upon respondents under Rule 4 of the Rules Governing Section 2254 Cases by adding Nevada Attorney General Aaron D. Ford as counsel for respondents and sending a notice of electronic filing to his office for the petitions [ECF Nos. 1-1, 1-2] and this order. No response is required from respondents other than to respond to any orders of a reviewing court; and

- **ENTER FINAL JUDGMENT** dismissing this action and **CLOSE THIS CASE**.

_____
U.S. District Judge Jennifer A. Dorsey
November 1, 2022